UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FRATERNAL ORDER OF POLICE, METROPOLITAN POLICE DEPARTMENT LABOR COMMITTEE, D.C. POLICE UNION,<br><br>   Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>   Defendants. | Civil Action No. 1:20-cv-02130 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S
COMPLAINT AND MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, the Fraternal Order of Police, Metropolitan Police Department Labor Committee, D.C. Police Union ("D.C. Police Union"), by its attorneys, pursuant to LCvR 7(b), hereby submits this Opposition to Defendants District of Columbia's and Mayor Muriel Bowser's Motion for an Extension of Time to Respond to Plaintiff's Complaint and Motion for Summary Judgment. In support, the D.C. Police Union states the following:

The Defendants have not made the requisite showing of good cause to allow for an extension of their deadline to respond to the Complaint and Motion for Summary Judgment. Good cause requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005). In their Motion, the Defendants contend that the "scope of briefing necessary to address the allegations and four constitutional claims constitutes good cause sufficient to justify granting an extension of time." Motion at 2. The

simple fact that the Complaint contains multiple claims is not sufficient good cause to extend the Defendants' deadlines.

By contrast, the D.C. Police Union will be prejudiced by any extension granted or delay caused in this case.  On July, 7 2020, the Council of the District of Columbia passed emergency legislation, the Comprehensive Policing and Justice Reform Second Emergency Amendment Act of 2020 (the "Act"), without any public comment, which was signed by Mayor Bowser on July 22, 2020.  Because it is emergency legislation, the Act, by its express terms, "shall remain in effect no longer than 90 days."  *See* **Exhibit 1** at 21.

Notably, Section 116 of the Act, which the D.C. Police Union is challenging in this case, has had an immediate impact on the D.C. Police Union's ability to negotiate its next collective bargaining agreement, and provides as follows:

> (c)(1)   All matters pertaining to the discipline of sworn law enforcement personnel shall be retained by management and not be negotiable.
>
> (2)       This subsection shall apply to any collective bargaining agreements entered into with the Fraternal Order of Police/Metropolitan Police Labor Committee **after September 30, 2020**.

*See* **Exhibit 1** at 12 (emphasis added).

The current collective bargaining agreement between the D.C. Police Union and the Metropolitan Police Department is effective through September 30, 2020.  The parties have begun the bargaining process on the next collective bargaining agreement, but this process will be affected with the constitutionality of Section 116 in doubt.  Moreover, the Council is currently in the process of drafting temporary and permanent legislation to replace the emergency Act.  Therefore, it is important for the Court to consider and rule upon the constitutional challenges raised in the Motion for Summary Judgment so it can provide an opinion that will aid the Council in shaping the temporary and permanent legislation that will replace the emergency Act.

A prompt ruling by the Court will also provide guidance to the D.C. Police Union and the Metropolitan Police Department regarding their obligations to bargain over discipline during their current bargaining. Equally important, this Court needs sufficient time to consider the parties' briefs, hold a hearing, and issue a decision prior to the impending deadlines set by the emergency legislation.

Moreover, contrary to the Defendants' Motion, the interests of efficiency will best be served by requiring the Defendants to comply with the current deadlines for responding to the Complaint and to the Motion for Summary Judgment. The emergency Act is set to expire on October 20, 2020, after which the Defendants will likely contend that the D.C. Police Union's current version of the Complaint and pending Motion for Summary Judgment is moot. Without timely briefing by the parties and a timely ruling from the Court, the D.C. Police Union could be forced to amend its Complaint and re-file its Motion for Summary Judgment when the Council passes temporary legislation to replace the emergency Act, and again when the Council passes permanent legislation to replace the temporary legislation. During this prolonged period of amending and re-filing, bargaining between the D.C. Police Union and Metropolitan Police Department could be stalled while the parties await a ruling on the constitutionality of Section 116. Instead, the Court should require the Defendants to comply with the current deadlines, thereby providing the Court with adequate time to consider the parties' positions and issue a ruling prior to the expiration of the emergency Act.

WHEREFORE, the D.C. Police Union respectfully requests that the Court deny the Defendants' Motion for an Extension of Time to Respond to Plaintiff's Complaint and Motion for Summary Judgment.

Respectfully submitted,

___*/s/ Anthony M. Conti*_____
Anthony M. Conti (D.C. Bar No. 479152)
Daniel J. McCartin (D.C. Bar No. 976580)
CONTI FENN LLC
36 South Charles Street, Suite 2501
Baltimore, Maryland  21201
(410) 837-6999
(410) 510-1647 (facsimile)

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 20th day of August 2020, a copy of the Opposition was electronically filed with the Clerk of the Court and a copy was served upon the following counsel:

Pamela Disney, Esq.
Assistant Attorney General
400 Sixth Street, N.W.
Suite 10100
Washington, DC  20001

*Counsel for the Defendants*

                                    */s/ Anthony M. Conti*
                                  Anthony M. Conti (D.C. Bar No. 479152)
                                  Daniel J. McCartin (D.C. Bar No. 976580)
                                  CONTI FENN LLC
                                  36 South Charles Street, Suite 2501
                                  Baltimore, Maryland  21201
                                  (410) 837-6999
                                  (410) 510-1647 (facsimile)

                                  Attorneys for Plaintiff